■ DOROTHY BARTOSH, Respondent, v UNITED ARTISTS THEATER CIRCUIT INC. (GEMINI THEATER), Appellant. — Judgment, Supreme Court, Bronx County (Russell Leggett, J.), entered on August 24, 1982, unanimously reversed, on the law and the facts, and a new trial ordered solely on the issue of damages awarded to plaintiff, without costs and without disbursements, unless plaintiff, within 20 days after service upon her attorney of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $125,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be excessive to the extent indicated. Concur — Kupferman, J. P., Sandler, Sullivan, Bloom and Alexander, JJ.

■ SIXTY EAST END OWNERS, INC., Plaintiff, v DARA PERLBINDER et al., Defendants and Third-Party Plaintiffs-Appellants. SIXTY EAST END OWNERS, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. — Order, Supreme Court, New York County (Hortense W. Gabel, J.), entered October 1, 1982, granting the motions of various third-party defendants for an order dismissing the third-party complaint, modified, on the law, without costs, to deny the motion to dismiss the first and second causes of action, and otherwise affirmed. We agree with Special Term's order to the extent to which it granted the motion to dismiss the third and fourth causes of action in the third-party complaint, and for the reasons stated by Special Term. However, the grounds assigned in Special Term's opinion dismissing these causes of action appear to have no application to the first and second causes of action, the first alleging in general terms a breach of the warranty of habitability, and the second alleging various forms of damage alleged to have resulted from that supposed breach. These causes of action, the merits of which were not addressed by any party to the appeal, appear to be legally sufficient. Concur — Kupferman, J. P., Sandler, Sullivan, Bloom and Alexander, JJ.